UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CHRISTOPHER B.**[1]

    **Plaintiff,**

    v.

Case No. 3:20-cv-330
Magistrate Judge Norah McCann King

**COMMISSIONER OF SOCIAL SECURITY,**[2]

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Christopher B. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No.5, on *Plaintiff's Statement of Errors*, ECF No. 12, *Defendant's Memorandum in Opposition*, ECF No. 14, *Plaintiff's Reply*, ECF No. 15, and the *Certified Administrative Record*, ECF No. 9. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

I.  PROCEDURAL HISTORY

In October 2017, Plaintiff protectively filed his application for benefits, alleging that he has been disabled since July 22, 2017. R. 196-97.[3] The application was denied initially and upon reconsideration and Plaintiff requested a *de novo* hearing before an administrative law judge. R. 118. Administrative Law Judge ("ALJ") Lee Lewin held a hearing on June 4, 2019, at which Plaintiff, who was represented by counsel, testified, as did Sai R. Nimmagadda, M.D., who testified as a medical expert, and a vocational expert. R. 30-70. In a decision dated June 20, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from Plaintiff's alleged disability onset date through the date of that decision. R. 15-24. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 10, 2020. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 24, 2022, the case was reassigned to the undersigned. ECF No. 17. The matter is ripe for disposition.

II.  LEGAL STANDARD

A.  Standard of Review

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

---

[3] References to pages in the Certified Administrative Record, using the pagination of the Certified Administrative Record, will be cited as "R. __."

evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other co8ntexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §

3

404.1520(a)(4). "The claimant bears the burden of proof through step four; at step five, the burden shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in

the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

**III.     ALJ DECISION AND APPELLATE ISSUES**

The Plaintiff was 39 years old on July 22, 2017, his alleged disability onset date. R. 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since that date. R. 17.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical cord compression with disc replacement and myelomalacia and lumbar disc disease, obstructive sleep apnea (OSA) and chronic obstructive pulmonary disease (COPD). *Id.* The ALJ also found that Plaintiff's diagnosed hypertension and diabetes, elbow olecranon bursitis, and obesity, and his alleged alcohol use disorder, depression and anxiety, were not severe impairments. R. 17-18.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R.18.

At step four and relying on the testimony of the medical expert, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work. R. 19. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work. R. 23.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs–*e.g.*, jobs as an ink printer, a telephone location clerk, and a document preparer–existed in the national economy and could be performed by Plaintiff. R. 24. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social

Security Act from July 22, 2017, his alleged disability onset date through the date of the decision. R. 24.

Plaintiff disagrees with the ALJ's findings and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No. 15. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 14.

## IV. RELEVANT EVIDENCE AND DISCUSSION

As the ALJ found, Plaintiff suffers a number of impairments, both severe and non-severe. R. 17. It is the ALJ's evaluation of Plaintiff's subjective complaints, however, upon which the case turns. Although a claimant's subjective allegations, unsupported by objective medical evidence, cannot alone establish disability, 20 C.F.R. § 404.1529(b), an ALJ must nevertheless consider those subjective complaints. 20 C.F.R. § 404.1529(a). In evaluating such complaints, an ALJ must follow a two-step process. SSR 16-3p, 2016 WL 1119029 (March 16, 2016).[4] First, an ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms. . . ." *Id*. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an

---

[4] SSR 16-3p superseded SSR 96-7p on March 26, 2016, and eliminated the use of the term "credibility." SSR 16-3p. SSR 16-3p clarifies that the ALJ should not make statements about an individual's truthfulness but should determine whether the claimant's subjective complaints are consistent with other evidence in the record.

individual's ability to perform work-related activities[.]" *Id.* In conducting this evaluation, an ALJ must consider the objective medical evidence as well as other evidence relevant to a claimant's subjective symptoms. 20 C.F.R. § 404.1529(c)(3) (listing the following factors to consider: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate pain or other symptoms; treatment, other than medication, currently received or have received for relief of pain or other symptoms; any measures currently used or have used to relieve pain or other symptoms; and other factors concerning your functional limitations and restrictions due to pain or other symptoms). Finally, although an ALJ's evaluation in this regard must be supported by substantial evidence, the ALJ has wide discretion to weigh the claimant's subjective complaints and may discount those complaints where they are not supported by other relevant objective evidence. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981).

In his Function Report, R. 230-37, Plaintiff stated that his prescribed medications cause, *inter alia*, a lack of concentration, drowsiness, mood swings, and dizziness. R. 237. *But see* R. 246 (indicating "None" in connection with side effects of medications). Jacob Huddleston, Plaintiff's treating physician's assistant, reported in April 2019 that Plaintiff's medications cause drowsiness and dizziness. R. 872. At step two of the sequential evaluation, the ALJ referred to the effects of medication on Plaintiff's concentration and memory. R. 18. However, although the ALJ found that Plaintiff's "allegations of disabling symptoms and limitations from pain are consistent with th[e] evidence," R. 20, nowhere did the ALJ expressly consider the side effects, if any, of Plaintiff's medications on his ability to engage in work-related activities. Under these

7

circumstances, the Court concludes that the decision of the Commissioner must be reversed and the matter must be remanded for further consideration. This is true, moreover, even if on reconsideration the Commissioner again concludes that Plaintiff is not entitled to benefits.[5]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 18, 2022                               *s/Norah McCann King*
                                                                              NORAH McCANN KING
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] *Plaintiff's Statement of Errors* asserts additional claims but, in light of the Court's resolution of the matter, the Court does not address those claims. On remand, however, the Court suggests that the Commissioner also consider all claims asserted in *Plaintiff's Statement of Errors*.